**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **YOUSSEF EZZAKMOTI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   10-CV-2196 JTM/GLR |
| | ) |
| **NATIONAL CREDIT SYSTEMS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

<u>**COMPLAINT**</u>

NOW COMES the Plaintiff, YOUSSEF EZZAKMOTI, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, NATIONAL CREDIT SYSTEMS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, <u>et</u> <u>seq</u>.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 <u>et</u> <u>seq</u>., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. YOUSSEF EZZAKMOTI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Salina, County of Saline, State of Kansas.

1

2

5. NATIONAL CREDIT SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Georgia.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. On or about May 20, 2009, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. With regards to the debt allegedly owed by Plaintiff, the aforesaid correspondence stated that Defendant was "processing this account for placement on [Plaintiff's] credit history with all three national credit bureaus."

12. In or around June 2009, Defendant initiated a telephone call to Plaintiff.

13. During the course of the aforementioned telephone call, Defendant stated that unless Plaintiff paid the debt he allegedly owed, Defendant would report the debt to the major credit reporting agencies.

14. At the time that Defendant made the aforementioned threats to report the debt allegedly owed by Plaintiff, Defendant was already reporting the aforesaid putative debt.

15. On or about January 25, 2010, Defendant initiated a telephone call to Plaintiff.

16. During the course of the aforementioned telephone call, Defendant stated that if Plaintiff did not pay the debt he allegedly owed, Defendant would garnish Plaintiff's wages.

17. At the time Defendant made the aforementioned statement to Plaintiff that it would seek to garnish Plaintiff's wages, Defendant did not have a judgment against Plaintiff.

18. The debt allegedly owed by Plaintiff is not a debt on which Defendant could proceed to garnishment without first having secured a judgment.

19. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

20. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

21. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

22. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

23. During the course of its telephone calls with Defendant, Plaintiff advised Defendant that he disputes the debt Defendant asserts that he owes.

24. In addition, on May 14, 2009, Defendant sent Plaintiff a correspondence acknowledging the fact that Plaintiff has disputed the debt he allegedly owes.

25. Despite being advised that Plaintiff disputes the debt, Defendant has failed to report the debt as being disputed to the credit reporting agencies.

26. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

e. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

f. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND & TRIAL LOCATION

28. Plaintiff hereby demands a trial by jury on all issues so triable.

4

29. The Plaintiff, YOUSSEF EZZAKMOTI, by and through his attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YOUSSEF EZZAKMOTI, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**YOUSSEF EZZAKMOTI**

By: s/ Sarah R. O'Loughlin
Attorney for Plaintiff

Dated: March 31, 2010

Sarah R. O'Loughlin (Atty. No.: 22928)
LARRY P. SMITH & ASSOCIATES, LTD.
5822 Marion Street
Shawnee, KS 66218
Telephone: (888) 595-9111 (x819)
Facsimile: (888) 418-1277
E-Mail: soloughlin@smithlaw.us